F I L E D
United States Court of Appeals
Tenth Circuit

NOV 14 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS DONALD JARAMILLO,

    Defendant - Appellant.

No. 96-4186
(D.C. No. 95-CR-187)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **MCKAY** and **LUCERO**, Circuit Judges.

Thomas Donald Jaramillo, appearing pro se, appeals from his conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Construing Jaramillo's appeal liberally, we find that he raises two grounds for appeal: (1) the district court inappropriately considered Jaramillo's 1973 conviction for burglary in the second degree; and (2) the district court failed to calculate his offense level and criminal history categories correctly, resulting in an erroneous sentence. We affirm.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

On September 14, 1995, a federal grand jury charged Thomas Jaramillo in a three-count indictment. Count One charged Jaramillo, having been convicted of a crime punishable by imprisonment for more than one year, with being in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Counts Two and Three charged him with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Pursuant to a plea agreement, Jaramillo entered a plea of guilty to Charge One in return for the government's agreement to dismiss Counts Two and Three.

Jaramillo was sentenced on November 5, 1996. Prior to the sentencing hearing, Jaramillo moved the district court to adjust his sentence downward pursuant to 18 U.S.C. § 3553(b) and U.S. Sentencing Guidelines §§ 5H1.6 and 5K2.0. The district court denied the defendant's motion for downward departure. At the sentencing hearing, the district court sustained all of Jaramillo's objections to the presentence report. The district court sentenced Jaramillo to 16 months in prison, followed by three years of supervised release. Sixteen months is the maximum sentence for the defendant's offense level (11) and criminal history category (II). See U.S.S.G. ch. 5, pt. A.

**II**

The appellant claims that the district court erroneously considered his prior convictions in the determination of his sentence. Only two of the appellant's previous convictions played any role in this case: (1) a 1973 conviction for burglary in the second degree, a felony; and (2) a 1988 conviction for theft, a misdemeanor. The 1973 conviction did not factor into the determination of the appellant's sentence. Rather, that conviction appropriately served as the predicate felony under 18 U.S.C. § 922(g)(1), providing the factual support for the defendant's plea of guilty. The 1988 conviction did affect the appellant's sentence. Under § 4A1.1(b) of the U.S. Sentencing Guidelines, the 1988 conviction elevated the appellant to criminal history category II. See U.S.S.G. ch. 5, pt. A.

Contrary to the appellant's claim, the district court properly determined the appellant's base offense level at 14. See U.S.S.G. § 2K2.1(a)(6). The district court then allowed a 3 level deduction for the appellant's acceptance of responsibility, arriving at an offense level of 11. See U.S.S.G. § 3E1.1. Using the appellant's correct criminal history category of II, the district court arrived at a sentence of 16 months. Although 16 months is the highest allowable sentence for the appellant's offense level and criminal history category, the appellant's

claim that the district court erred in its determination of his sentence is without merit.

To the extent that we construe Jaramillo's appeal as an appeal of the district court's decision to refuse a downward departure of Jaramillo's sentence, we do not have jurisdiction to review such a decision unless the trial court "erroneously believed it lacked authority to depart." United States v. Segien, 114 F.3d 1014, 1024 (10th Cir. 1997). The record does not reflect that the district court based its decision on an erroneous belief that it lacked authority. Accordingly, we affirm. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
